UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

Roy Lacy Cobb                           EDKY Case No. 6:08-CR-000111-GFVT
    Movant

         v.
                                        RECEIVED
Michael Underwood, Warden FCI Loretto
    Respondent                          2/16/2023

             PRO SE MOTION PURSUANT TO 28 USC 2241

                                        CLERK U.S. DISTRICT COURT
                                        WEST. DIST. OF PENNSYLVANIA
                    Background

     Now comes Roy Lacy Cobb #12644-032, filing this motion to be released under the Elderly Offender Act.
     Mr. Cobb's criminal history was dismissed prior to his sentence and has been expunged since then. (Exhibit I)
     I filed a BP-8 on 2/3/2022 concerning my elderly offender act and CARES Act but did not get an answer. (Exhibit II)
     On 4-14-2022, at Elkton, Ohio, I filed a sensitive 9 for my Elderly Offender Act again because my case manager refused to answer my BP-8. (Exhibit III)
     I was transferred to Loretto, PA, and was told I was released at Elkton, Ohio for the Elderly Offender Act on 6-1-2022. I was told I had been released. My case manager, Mr. Gotshall, said he would have me home by 6-30-2022. Then he said on 7-12-2022. Then on 7-12-2022, he told me he changed his mind again. Then he tells me I have to take a Resilience class to qualify. I've read a lot of the First Step Act and nowhere does it say when your times up you have to take another class. He states that I have severe violence and as you can see, I don't have and never did. Now he says I still have violence in 2012 from a fight that I was jumped on at Beaumont, TX Medium. The meanest medium in the BOP and me with 11 points. And again the FSA says violence in the present charge. 841 or 859 isn't a violent charge.
     No matter what I do, he has a different reason to deny me. I filed a BP-8 on 11-7-2022 (Exhibit IV). I filed a BP-9 askiing for release under the FSA and on the Elderly Offender Law (Exhibit V). For which my release date was 1-22-2022 (Exhibit VI). As you can see on 12-20-2022, I get an answer to my 9 stating: "Our records do not reflect a formal request from you for consideration under this program." (Exhibit VA)
     On 1-18-2023, I filed a BP-10 but still have no answer (Exhibit VII).
     I talked to my case manager, Mr. Gotshall, on 2-9-2023 and again he said he doesn't know, said he would look at it in March. On 1-22-2022, Region said that I qualified (Exhibit VI). Elkton, OH released me but Gotshall said no.
     In 2004, I was declared 100% disabled by the Social Security Administration judge (Exhibit VIII).
     On 6-17-2022, I was given several medical restrictions by Dr. Kim Swindell, MD/CD (Exhibit IX). I have been diagnosed with psoriatic arthritis, severe. I take 12 different medicines, some twice a day and a diclofenac gel for pain.

                    Conclusion

                        ①

   I, Roy Cobb, pray that the good court will grant this motion to be released for the elderly offender due to my age of 69 years old, and my mental and physical condition. And I have served over 50% of my sentence (Exhibit VI).

Respectfully submitted,

*Roy Lacy Cobb* (signature)

Roy Lacy Cobb
#12644-032

a. **"New Law" Elderly Inmates.** Inmates sentenced for an offense that occurred on or after November 1, 1987 (e.g., "new law"), who are age 70 years or older and have served 30 years or more of their term of imprisonment.[1(1)]

b. **Elderly Inmates with Medical Conditions.** Inmates who fit the following criteria:

Age 65 and older.

Suffer from chronic or serious medical conditions related to the aging process.

Experiencing deteriorating mental or physical health that substantially diminishes their ability to function in a correctional facility.

Conventional treatment promises no substantial improvement to their mental or physical condition.

Have served at least 50% of their sentence.

Additionally, **for** inmates in this category, the BOP should consider the following factors when evaluating the risk that an **elderly** inmate may reoffend:

The age at which the inmate committed the current offense.

Whether the inmate suffered from these medical conditions at the time the inmate committed the offense.

Whether the inmate suffered from these medical conditions at the time of sentencing and whether the Presentence Investigation Report (PSR) mentions these conditions.

The BOP Medical Director will develop and issue medical criteria to help evaluate the inmate's suitability for consideration under this RIS category.

c. **Other Elderly Inmates.** Inmates **age** 65 or older who have served the greater of 10 years or 75% of the term of imprisonment to which the inmate was sentenced.

**Elderly** inmates who were **age** 60 or older at the time they were sentenced ordinarily should not be considered **for** RIS if their current conviction is listed in the Categorization of Offenses Program Statement.

All RIS requests should be assessed using the factors outlined in Section 7.

# § 4241. Determination of mental competency to stand trial or to undergo postrelease proceedings

**(a) Motion to determine competency of defendant.**  At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

**(b) Psychiatric or psychological examination and report.**  Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c) [18 USCS § 4247(b) and (c)].

**(c) Hearing.**  The hearing shall be conducted pursuant to the provisions of section 4247(d) [18 USCS § 4247(d)].

**(d) Determination and disposition.**  If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility—

   **(1)** for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and

   **(2)** for an additional reasonable period of time until—

      **(A)** his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or

      **(B)** the pending charges against him are disposed of according to law;

© 2022 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

whichever is earlier.

If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248 [18 USCS §§ 4246 and 4248].

**(e) Discharge.**   When the director of the facility in which a defendant is hospitalized pursuant to subsection (d) determines that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, he shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment. The clerk shall send a copy of the certificate to the defendant's counsel and to the attorney for the Government. The court shall hold a hearing, conducted pursuant to the provisions of section 4247(d) [18 USCS § 4247(d)], to determine the competency of the defendant. If, after the hearing, the court finds by a preponderance of the evidence that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the court shall order his immediate discharge from the facility in which he is hospitalized and shall set the date for trial or other proceedings. Upon discharge, the defendant is subject to the provisions of chapters 207 and 227 [18 USCS §§ 3141 et seq. and 3551 et seq.].

**(f) Admissibility of finding of competency.**   A finding by the court that the defendant is mentally competent to stand trial shall not prejudice the defendant in raising the issue of his insanity as a defense to the offense charged, and shall not be admissible as evidence in a trial for the offense charged.

**HISTORY:**

© 2022 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.