# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROY LACY COBB,                          )
                                        )
                Petitioner,             )
                                        )
        vs.                             )        Civil Action No. 3:23-cv-30
                                        )        Judge Stephanie L. Haines
WARDEN OF FCI LORETTO JAIL,             )        Magistrate Judge Keith A. Pesto
                                        )
                Respondent.             )
                                        )

## **MEMORANDUM ORDER**

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed *pro se* by Roy Lacy Cobb ("Petitioner") (ECF No. 3). At the time of filing, Petitioner was incarcerated at Federal Correctional Institution Loretto ("FCI-Loretto") where Respondent Michael Underwood is the Warden. In his Petition, Petitioner argues that he is eligible to be released under the Elderly Offender Act, a feature of the First Step Act ("FSA") (34 U.S.C. § 60541(g)(1)(A)).[1] He maintains that he satisfies all the criteria for release and that he is being unfairly detained. Warden Underwood responded to Plaintiff's Petition (ECF No. 13) providing three reasons why the Petition should be denied. The Response provides first, that Petitioner failed to exhaust his administrative remedies; second that the Court lacks jurisdiction to grant the requested relief; and third, that Petitioner is not eligible for the Elderly Offender Program. This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

On April 17, 2023, Magistrate Judge Pesto filed a Report and Recommendation (ECF No.

---

[1] The Elderly Offender Act (34 U.S.C. §60541(g)(5)(A)) is a pilot program to determine the effectiveness of removing eligible elderly offenders and terminally ill offenders from the Bureau of Prisons facilities and placing them on home confinement provided such prisoners meet certain criteria. *See* ECF No. 13, pp. 3-4.

1

15) recommending that the Petition (ECF No. 3) be dismissed. Petitioner was advised he had fourteen days to file objections to the Report and Recommendation. *See* 28 U.S.C. § 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. On April 24, 2023, Petitioner filed a "Response" (ECF No. 17) to Warden Underwood's Response and then two days later filed an Amended Response (ECF No. 18) to his own Response. Neither of Petitioner's Responses addressed the reasoned analysis in the Report and Recommendation and the time to file objections has expired.

Magistrate Judge Pesto's Report and Recommendation focused on the fact that the Court lacks jurisdiction to grant the requested relief. That is to say that this Court lacks authority to place an offender in the Elderly Offender Program. Section 60541 has been consistently interpreted in this circuit not to confer jurisdiction on courts to review placement in the Elderly Offender Program. *See Defoggi v. N'Diaye*, No. CV 21-12269 (NLH), 2022 WL 17959575, at *2 (D.N.J. Dec. 23, 2022)*, aff'd sub nom. Defoggi v. Warden Fort Dix FCI*, No. 23-1085, 2023 WL 5163898 (3d Cir. Aug. 11, 2023); *DeMartino v. Warden of LSCI Allenwood*, No. 1:20-CV-1657, 2021 WL 2454172, at *4-5 (M.D. Pa. June 16, 2021). Furthermore, the statute itself identifies the BOP as having the sole ability and discretion to make determinations of eligibility for the program. *See* 34 U.S.C. §60541(g)(5)(A)(iv).[2]

Thus, upon review of the record and the Report and Recommendation (ECF No. 15) under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and under Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of

---

[2] Petitioner's Responses (ECF Nos. 17, 18) to Warden Underwood's Response (ECF No. 13) focused on his eligibility for the Elderly Offender Program discussing infractions documented against him in prison and providing his expunged criminal history. He does not rebut the assertion that the Court is ineligible to grant his requested relief.

Magistrate Judge Pesto. Judge Pesto correctly determined that this Court lacks jurisdiction to rule on this matter and as such the Petition will be dismissed.

Accordingly, the following order is entered:

### ORDER

AND NOW, this 26th day of October, 2023, IT IS ORDERED that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 3) hereby is DISMISSED WITH PREJUDICE; and,

IT IS FURTHER ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 15) is adopted as the Opinion of the Court; and,

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.


Stephanie L. Haines
United States District Judge